# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTHA SANCHEZ-RESTREPO,<br>*Petitioner*, | |
| v. | No. 3:19-cv-00316 (JAM) |
| UNITED STATES OF AMERICA,<br>*Respondent*. | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Martha Sanchez-Restrepo is serving a federal prison sentence at the Federal Correctional Institution in Danbury, Connecticut. She has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the ground that she is entitled to additional good-time credits toward the calculation of her sentence under the recently enacted First Step Act of 2018, Public Law No. 115-391. The Government has filed a response, contending that Sanchez-Restrepo has not fully exhausted her administrative remedies and that the First Step Act's provision governing the calculation of good-time credits has not yet taken legal effect.

Congress by statute has vested the calculation of good-time credits with the Bureau of Prisons (BOP). *See* 18 U.S.C. § 3624(b); *United States v. Wilson*, 503 U.S. 329 (1992). If a prisoner disputes the BOP's calculation of good-time credit, then the prisoner must fully exhaust administrative remedies with the BOP before seeking relief from a federal court. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *United States v. Keller*, 58 F.3d 884, 894 (2d Cir. 1995). Although Sanchez-Restrepo alleges that her case manager told her that the BOP is not recalculating sentences yet, she does not allege that she has lodged a complaint and

fully exhausted her remedies with the BOP or allege reasons why she should not be required to exhaust these remedies.

Moreover, even if Sanchez-Restrepo had fully exhausted her administrative remedies, the Court would be unable to grant relief at this time. That is because the First Step Act's amendment to the manner in which good-time credits are calculated will not take effect until the Attorney General completes a "risk and needs assessment system," as provided by §§ 101(a) and 102(b)(2) of the Act, and which is not required to be completed until July 2019. Accordingly, numerous courts have dismissed premature petitions similar to the one filed by Sanchez-Restrepo on the ground that the relevant provision of the First Step Act has not yet taken effect. *See, e.g.*, *Christopher v. Wilson*, 2019 WL 1745968 (N.D. Tex. 2019); *Roy v. U.S. Bureau of Prisons*, 2019 WL 1441622 (E.D. Wash. 2019); *United States v. Scouten*, 2019 WL 1596881 (W.D.N.Y. 2019).

For the foregoing reasons, the Court DISMISSES the petition for writ of habeas corpus. This order is without prejudice to Sanchez-Restrepo's re-filing of her petition after the relevant provision takes legal effect and after she has exhausted her administrative remedies with the BOP.

It is so ordered.

Dated at New Haven this 22d day of April 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge